**Alberta CARNES, Appellant,**

v.

**Gladys MARKS, Appellee.**

**No. 6000.**

Court of Civil Appeals of Texas.

El Paso.

Jan. 29, 1969.

Svanas & Svanas, Gloria T. Svanas, Odessa, for appellant.

McDonald & Pickens, Franklin A. Pickens, Odessa, for appellee.

OPINION

PRESLAR, Justice.

Alberta Carnes, a licensed real estate broker, brought this suit against Gladys Marks to recover a commission for the sale of the J. H. Marks Trucking Company property in Odessa, Texas, on a written listing agreement. At the conclusion of the evidence of the plaintiff, when she rested her case, the trial court granted the defendant's motion for directed verdict and entered judgment that the plaintiff take nothing. It is from that judgment that this appeal is taken.

We are of the opinion that the trial court was correct in granting the directed verdict for the reason that the evidence offered did not raise an issue of fact as to the liability of this defendant on the written contract, and for the further reason that such evidence did not raise issues as to certain elements of the plaintiff's cause of action which were necessary for recovery.

■ The listing agreement on which the cause of action was based is a printed form which recited that it is the official form of the Odessa Real Estate Board Multiple Listing Service, and was signed by the plaintiff, as the broker, and by "Richard D. Gillham, J. H. Marks Trck Co." in the space provided for the signature of the owner. Suit was against Gladys Marks, individually, with the allegation that the contract "was executed by Richard D. Gillham for J. H. Marks Trucking Company, owner, who represented to the Plaintiff that he was the duly authorized agent of the Defendant herein and which said agency was ratified and confirmed by Defendant by one certain check executed by Defendant under the trade name of GLADYS MARKS BUILDING FUND". The defendant specially denied, under oath, the execution of the contract by her or under her authority. Plaintiff's proof of this question was her own testimony that Gillham had told her he had authority to negotiate the sale of the property. The agreement, dated February 16, 1966, gave plaintiff an exclusive listing for 30 days, and provided that plaintiff would be entitled to her commission if within 90 days the property was sold to any purchaser to whom she had shown it or with whom she had negotiated. She alleged that a sale was made to one Art Carmichael by deed dated January 20, 1967, and she offered in evidence a check payable to her in the amount of $500.00 signed "Gladys Marks Building Fund". This check was received in an envelope with a J. H. Marks Trucking Inc. return address, and the check had noted on it, "please send invoice (Marks property on E. 8th)". Plaintiff testified

that she then sent an invoice for her commission, with credit for the $500.00, and thereafter talked with Mrs. Marks, but that she had never talked with her prior to that time. Her evidence was that her dealings were with Gillham at the Marks Trucking Company yards, which was the property involved, and the evidence is that J. H. Marks Trucking Company, Inc., is a corporation of which Gillham is President. In response to interrogatories, the plaintiff spoke of the property as "standing in the name of J. H. Marks Trucking Company as owner", and that the agreement was made at the "office of the owner, Marks Trucking Company, which is the property which is sold." The deed is not in evidence, and there is no testimony that the defendant, Gladys Marks, was the owner. There is other evidence, but we have pointed out that which is favorable to appellant; and, viewed in its most favorable light and indulging every reasonable inference, and disregarding all evidence to the contrary, it does not raise an issue as to the execution of the instrument sued upon by this defendant or under her authority. Sec. 28 of the Real Estate License Act, Art. 6573a, Vernon's Annotated Civil Statutes, provides:

"No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunder lawfully authorized."

The agreement on which this action was brought was executed by an officer of a corporation, concerning real estate apparently owned by such corporation; such corporation is not a party to this suit, and its authority to act for this defendant is not put in issue by the evidence adduced. Nor is ratification raised by the introduction of the check signed "Gladys Marks Building Fund", with no evidence as to what legal

entity that might be or its connection with this defendant.

 We are further of the opinion that the appellant-plaintiff's evidence does not raise an issue that the sale was made within the period of time provided in the agreement to entitle her to a commission, which was 90 days after the expiration of her 30-day listing beginning February 16, 1966. Her testimony was that she did not know when the transaction had been agreed upon —that she was told by another that it was in 1966; that she learned of the deed in 1967, and such deed was dated January 20, 1967.

The motion for directed verdict contained other grounds, but it is unnecessary to discuss them, as those which we have discussed support the trial court's action.

All assignments of error have been considered and all are overruled, and the judgment of the trial court is affirmed.